# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**LUZ MARIA PADILLA**
    Petitioner

v.                                                                                               **CIVIL NO. 04-2423(DRD)**

**UNITED STATES OF AMERICA**
    Respondent

## OPINION AND ORDER

Pending before the Court is petitioner Luz Maria Padilla's Section motion *To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody* pursuant to 28 U.S.C. § 2255. (Docket No.2). Petitioner seeks to correct her prison sentence of March 15, 1999 in light of the Supreme Court's decision in Blakely v. Washington, 124 S.Ct. 2531 (2004), claiming the sentencing enhancements imposed violated her right to a jury trial per the Fifth and Sixth Amendments due to the fact that it was the Court and not the Jury who imposed upon him a supervisory role at sentencing.

After referring the matter to Magistrate Judge Gustavo Gelpi, a Report and Recommendation ("R&R") was issued. (Docket Nos.7, and 8). In his R&R, Magistrate Judge Gelpi recommended that petitioner's § 2255 be denied for several reasons, to wit United States v. Booker, 125 S. Ct. 738 (2005) held that, absent a Supreme Court ruling to the contrary, petitioner's *habeas* claim is unreviewable under *Booker*. The R&R clearly stated that petitioner had ten (10) days to file any objections thereto and that failure to object within the deadline provided would preclude further appellate review of those issues. The ten (10) day period provided by the Court has elapsed without any objections being filed and **to date, the R&R is still unopposed.** Thus, for the reasons stated below, the Court accepts and **ADOPTS** *in toto* the Magistrate's unopposed R&R hereby **DENYING** petitioner's § 2255 motion.

A District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Fed. R. Civ. P. 72(b); Rule 503, Local Rules, District of Puerto Rico. See Mathews v. Weber, 423 U.S. 261 (1976). Of course, as a general rule, an adversely affected party may contest the Magistrate's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. See L.Civ.R. 72; Fed.R.Civ.P. 72(b). Moreover, 28 U.S.C. § 636(b)(1) (1993), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), cert. denied, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

No objections to the R&R have been filed in this case. Henceforth, the Court need only satisfy itself that there is **no plain error** on the face of the record in order to accept **an unopposed R&R**. See Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419 (5th Cir. 1996)(en banc)(extending the deferential "plain error" standard of review to the unobjected to legal conclusions of a magistrate judge); Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir. 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); Nogueras-Cartagena v. United States, 172 F.Supp.2d 296, 305 (D.P.R. 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding FED.R.CIV.P. 72(b)); García v. I.N.S., 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

The facts of this case show that on petitioner plead guilty in Crim. Case 97-74 (DRD) on November 4, 1998. (Crim. 97-74, Docket No.360) pursuant to a government's plea offer. On March 31, 1999, judgment was entered and petitioner was sentenced to a term of imprisonment of 204 months, a term of supervised release of five years, and a special monetary assessment of $100.00. (Crim. 97-74, Docket No.426). Under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §2255, petitioner had until April 10, 2000, to file a Notice of Appeal. Petitioner did not file any such Notice of Appeal during the statutory period or requested an extension of time to appeal.

The Court agrees with the R&R issued by Magistrate Judge Gelpi. The Court notes that petitioner's § 2255 motion is time-barred. A federal prisoner seeking post-conviction relief under 28 U.S.C.S § 2255 is subject to a one-year period that generally runs from the date on which the judgment of conviction becomes final. "A judgment of conviction becomes final when a habeas petitioner's time expires for filing a petition for a writ of certiorari with the United States Supreme Court contesting an appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522 (2003). Using similar reasoning, if a federal criminal defendant does not present a direct appeal, judgment becomes final upon the expiration of the period in which petitioner could have appealed

to the court of appeals. <u>Sanchez-Castellano v. United States</u>, 358 F.3d 424 (6th Cir. 2004).[1]

In the case at bar, petitioner failed to present a timely notice of appeal because he had until April 10, 2000 to file a § 2255 motion. Notwithstanding, the instant § 2255 petition was filed on December 27, 2004, over five years past the deadline, thus, the instant motion is time-barred. Even if petitioner had been granted the 30 day extension period provided by Rule 4 (b)(4), Fed.R.App.P., the habeas petition would still be time-barred. There are three enumerated possible extension of time to the one year limitations period provided in 28 U.S.C. § 2255[2]. None apply to the facts of this case; the movant was not prevented from making the motion by governmental action, there are no new facts in support of petitioner's claim, nor has the Supreme Court recognized a new right that is applicable on collateral review.

Finally, the Court emphasizes that petitioner's conviction and sentence were the result of a plea agreement. As part of the plea agreement, based on Sentencing Guidelines § 2D1.1 and on the quantity of cocaine attributed to the petitioner, the base offense level applicable was thirty six (36). Furthermore, due to petitioner's supervisory role in the offence, a two (2) level upward adjustment was applicable pursuant to §3D1.1(c). The United States further agreed to reduce the base offense level by three (3) levels for acceptance of responsibility under U.S.S.G. § 3E1.1. Both the United States and petitioner agreed that there would be no further adjustments or departures other than those mentioned above, and that the applicable base offense level was thirty five (35). The level of 35 included the now questioned supervisory role. Further roles in the offense, should they not be beyond the statutory maximum as in the instant case, may be determined by the Court. <u>See</u> <u>U.S. v. Antonakopoulos</u>, 399 3d 68, 82 (1st Cir. 2005) (no Blakely or Booker error in the Court determining the role in the offense). This Court adds specifically that the determination is made pursuant to a plea. Hence, in light of this plea agreement, the Court deems the petitioner has failed to demonstrate "a specific showing of prejudice to satisfy the 'affecting substantial rights' prong of the plain error test". <u>United States v. Antonakopoulos</u>, 399 F. 3d 68, 77 (1st Cir. 2005) (citing <u>U.S. v. Olano</u>, 507 U.S. 725 (1993)) (setting the four prong test for plain error review as to unpreserved *Booker* claims).

---

[1] "In the absence of an actual district court determination of good cause or excusable neglect, the date that corresponds best with the statutory language of 28 U.S.C.S. § 2255 and Fed. R. App. P. 4(b)(4) is 10 days after the entry of judgment." <u>Sanchez-Castellano v. United States</u>, 358 F.3d 424, at 427

[2] §2255 provides that:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
(1) the date on which the judgement of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Finally, petitioner was sentenced in March of 1999 and neither the *Blakely* nor the *Booker* doctrines are retroactive pursuant to the holding of <u>Dodd v. United States</u>, 545 U.S. 353 (2005). See also <u>Cirilo Munoz v. United States</u>, 404 F.3d 527, 532 (1st Cir. 2005).

Therefore, for the reasons stated herein, the Court **ADOPTS** *in toto* the Magistrate's Report and Recommendation (Docket No. 7) and hereby **DENIES** petitioner's *Motion to Vacate, Set Aside, or Correct criminal Sentence Pursuant to 28 U.S.C. § 2255*. (Docket No. 2). Petitioner's claims are hereby **DISMISSED WITH PREJUDICE**.

The case is closed for all administrative and statistical purposes. **Judgement** shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 30th of August of 2006.

S/DANIEL R. DOMINGUEZ
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**
